Roxanna MAZARIEGO, Petitioner,

v.

Eric H. HOLDER,* Acting
U.S. Attorney General,
Respondent.

No. 08–3970–ag.

United States Court of Appeals,
Second Circuit.

March 31, 2009.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

28

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Roxanna Mazariego, Kingston, NY, pro se.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Linda S. Wernery, Assistant Director, Janice K. Redfern, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Roxanna Mazariego, a native and citizen of El Salvador, seeks review of a July 28, 2008, order of the BIA affirming the No-vember 30, 2006, decision of Immigration Judge ("IJ") Barbara Nelson denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Mazariego*, No. A98 920 147 (B.I.A. Nov. 30, 2008), *aff'g* No. A98 920 147 (Immig. Ct. N.Y. City Nov. 30, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### I. Asylum and Withholding of Removal

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(B); We review *de novo* questions of law and the application of law to undisputed fact. *Passi v. Mukasey*, 535 F.3d 98, 101 (2d Cir. 2008).

We conclude that the agency properly found that Mazariego failed to establish that she suffered past persecution, and has a well-founded fear of persecution, on account of a protected ground. While her brief asserts that she is eligible for relief because she was a victim of gang violence, the agency properly found that she failed to demonstrate that such a group targeted her because of her membership in a "particular social group" under the Immigration and Nationality Act.

As the BIA found, membership in a "particular social group" requires a "certain level of social visibility" and the "definition of the social group must have particular and well-defined boundaries." *Ucelo–Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir.2007) (quotation marks omitted). Mazariego alleged that she received a tele-

phone call threatening her with death if she did not leave her town, yet she acknowledges that she did not know who made the call or what group the caller represented. Mazariego has not established that any of the harms that allegedly occurred, including the kidnapping and murders of her relatives and the threats against her, were committed by any particular group of persons that are distinguishable as a "gang." Given her avowed lack of knowledge about the identity of her alleged "persecutors," the agency did not err in finding that the victims of such persons do not belong to a group that was socially visible or recognizable as a "particular social group" under the INA. *See id.* Because Mazariego failed to establish that the harms she alleged were on account of a protected ground, she cannot prevail on her claims for asylum and withholding of removal. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. §§ 1208.13(b)(2)(A), 1208.16(b)(1).

## II. CAT Relief

In her brief to this Court, Mazariego has failed to raise any challenge to the agency's denial of her CAT claim. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005). Accordingly, we deem her CAT claim to be waived.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. has been substituted for former

of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).